**SO ORDERED.**

**SIGNED this 13th day of March, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| STEVE THOMPSON | 06-52351-C |
| *DEBTOR* | CHAPTER 7 |
| PACIFIC EXPRESS STABLES, LLC; SUSAN T. BURNS' & BURNS PROPERTIES, LLC | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 07-5024-C |
| STEVE THOMPSON | |
| *DEFENDANT* | |

**ORDER GRANTING MOTION TO RECONSIDER ORDER GRANTING MOTION TO DISMISS, AND VACATING ORDER OF DISMISSAL**

CAME ON for consideration the foregoing matter. For the reasons stated, the motion is granted and the Order of Dismissal is vacated.

The deadline for filing a complaint objecting to dischargeability in this case was February 11, 2007 (60 days after the date of commencement of the first meeting of creditors). The plaintiffs in this case filed such a complaint on February 9, 2007. Unfortunately, due to an administrative error in the office of counsel for the plaintiff, the complaint was not filed on the adversary docket. It was instead filed in the main case, docketed at #20. The clerk of court noted that it was filed in error in the main case. On discovering the mistake, counsel for plaintiff re-filed the complaint, this time on the adversary docket. The filing occurred on February 13, 2007 – two days after the bar date for filing complaints objecting to dischargeability. The debtor, through his counsel, promptly filed a motion to dismiss the complaint as untimely filed, and the court just as promptly granted the motion, on grounds that the defendant was correct as a matter of law. Neither defendant's counsel nor the court were aware of the erroneous filing in the main case, as the defendant had hired a new lawyer, James Wilkins, expressly to aid him in the defense of this adversary, different from the lawyer he had hired to file his case. Until Mr. Wilkins filed his pleading, he was not representing a party in the case, and so would not have been notified of the earlier filing in the main case.

Plaintiffs' counsel promptly advised Mr. Wilkins of what had happened, but before either of them could rectify the matter, the court had already ruled, granting the defendant's motion to dismiss (the motion was filed on a Friday, and granted the following Monday). Plaintiffs' counsel immediately filed a motion to reconsider, bringing all of these events to the court's attention.

Counsel cites to the court *In re Sherf*, 135 B.R. 810 (Bankr. S.D.Tex. 1991). That court ruled that a complaint of this sort, inadvertently filed in the main case, would be considered timely filed. The court adopted a "relation back" analysis, analogizing to the case law surrounding "informal" proofs of claim. *See id.*, at 813-14. The rationale is legitimate.

Here, the complaint was certainly filed, and the debtor (through his then lawyer of record) knew or should have known that such a complaint had been filed. The court agrees with the plaintiffs that, although the complaint may not have been *properly* filed, there is little doubt that it was in fact *filed* – and filed with the clerk of court to boot. Ruling that the complaint was not timely filed because it was not filed as an adversary proceeding would amount to a ruling that a filing in the main case does not count as a filing at all. That ruling, in turn, would conflict with the clear policy announced by the Judicial Conference, which promulgated Rule 5005 of the Federal Rules of Bankruptcy Procedure. That rule permits a paper submitted to the United States Trustee (a representative of the Executive Branch, not the Judicial Branch) to be treated as though it were properly filed with the clerk of court as of the date of its original delivery. *See* FED. R. BANKR. P. 5005(c). If the national bankruptcy rules permit a pleading erroneously filed with the wrong branch of the government to be treated as though it were properly filed, then the Judicial Conference would certainly expect courts to hold that filing with the *correct* branch of government, albeit failing to upload onto the correct docket, should also be treated as properly filed.

Rule 5005(c) states that the court *may* order a pleading to be deemed timely and properly filed. It does not say that a court *must* do so. That is important, because the national rules also permit the courts to regulate filing practices, especially with regard to electronic filings, and to act appropriately when parties fail to adhere to those practices. That may include dismissal of nonconforming filings. The court does not, by this order, sanction incorrect filing procedures. However, Rule 5005(c) does state that the court may intervene in the interest of justice. Justice certainly demands, on these facts, that plaintiff's complaint be deemed to have been timely filed as an adversary complaint, as of the date of its filing in the main case.

For these reasons, the motion to reconsider is granted. The order of dismissal is vacated. The complaint is deemed to have been timely filed as of February 9, 2007. The defendant's time to answer will run from the date of entry of this order on the docket.

# # #